STATE OF WEST VIRGINIA

*In re* **J.W.**

**No. 19-1153** (Randolph County 18-JA-125)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.W., by counsel Morris C. Davis, appeals the Circuit Court of Randolph County's November 12, 2019, order placing the child, J.W., in a legal guardianship.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Melissa T. Roman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he did not successfully complete his post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against petitioner and the mother in September of 2018. In the petition, the DHHR alleged that the mother abused drugs in the presence of the child and that petitioner failed to protect the child from the mother's actions. Additionally, the DHHR alleged that petitioner had an extensive criminal history, including federal charges in the early 1990s that resulted in over thirteen years of incarceration and a subsequent 2013 conviction of being a felon in possession of a firearm. According to the DHHR, petitioner was released from prison in 2017.

The circuit court held an adjudicatory hearing in November of 2018, during which petitioner stipulated to the allegations contained in the petition. Specifically, petitioner stipulated

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

that he failed to protect the child when he did not take any steps to acquire custody of him and failed to involve himself in the child's life such that he would have been aware of the danger the child faced in the mother's home. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. Later that month, the circuit court granted petitioner's motion for an improvement period, the terms and conditions of which required him to attend and participate in multidisciplinary team meetings; participate in and complete parenting classes, adult life skills classes, anger management classes, and individual therapy; refrain from using drugs or alcohol; submit to random drug/alcohol screens; and participate in supervised visitation.

In January of 2019, the circuit court held a review hearing. The DHHR advised the circuit court that petitioner was doing well in his improvement period. The circuit court granted petitioner's request that he be relieved from submitting to random drug screening, and instead ordered that petitioner submit to drug screens every Monday, Wednesday, and Friday. A second review hearing was held in March of 2019, wherein the DHHR again reported that petitioner was participating in his improvement period and was doing well. However, the guardian noted that petitioner missed six drug screens, produced one diluted screen, and tested positive for alcohol on one occasion. The circuit court expressed concern about petitioner's missed drug screens and his positive alcohol screen so it ordered that any future missed screens would be considered as positive. Despite petitioner's failure to consistently submit to screens, the circuit court found that he was participating in his improvement period and continued the matter. In June of 2019, the circuit court granted petitioner a three-month extension to his post-adjudicatory improvement period. At a status hearing in August of 2019, the circuit court was advised that petitioner started anger management classes but continued to miss screens and tested positive for alcohol on two more occasions. The circuit court held a final status hearing in September of 2019. After hearing testimony, the circuit court found that petitioner tested positive for alcohol a total of six times throughout the course of his improvement period, which it concluded indicated a compliance problem. Further, petitioner agreed to participate in anger management classes as a term of his improvement period and as a recommendation from his parental fitness evaluation but delayed those classes for many months. The circuit court also found that petitioner recently had a Domestic Violence Protective Order ("DVPO") entered against him and that he had a "cavalier" attitude toward making improvements for the wellbeing of his child. The circuit court noted that it was particularly concerned with petitioner's attitude, lack of compliance, and lack of willingness to consistently participate in services. As such, the circuit court terminated petitioner's improvement period and set the matter for disposition.

In November of 2019, the circuit court held a dispositional hearing. Petitioner did not appear but was represented by counsel. The guardian advised the circuit court that the then-fifteen-year-old child requested that petitioner's parental rights not be terminated. After considering the evidence and testimony presented, the circuit court found that petitioner was unwilling or unable to adequately provide for the child. Accordingly, the circuit court determined that the child's best interests necessitated a permanent legal guardianship and ordered that permanent legal guardianship of the child be transferred to the child's aunt. It is from the November 12, 2019, dispositional order that petitioner appeals.[2]

---

[2]The mother consented to placing the child in the permanent legal guardianship of the aunt. The permanency plan for the child is to remain in that permanent legal guardianship.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that he did not successfully complete his post-adjudicatory improvement period. According to petitioner, he presented evidence that he successfully completed his improvement period, including that he participated in counseling, changed employment to better participate in services, obtained and maintained housing, and attended visitation with the child. Petitioner contends that, based on this evidence, the circuit court erred in reaching its conclusion that he failed to successfully complete his improvement period. We disagree.

> At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In Interest of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991).

Here, petitioner failed to demonstrate that he made sufficient improvement to justify the return of the child to his care. Despite agreeing to refrain from consuming drugs or alcohol, petitioner tested positive for alcohol six times throughout the proceedings and missed several screens. Further, petitioner was required to participate in anger management classes but did not participate until several months into the improvement period. In fact, petitioner attended only two therapy sessions and testified that they "pretty much" handled his anger issues, despite having had a DVPO entered against him during the proceedings. Moreover, petitioner demonstrated a cavalier attitude towards the proceedings, which indicated he had no real willingness to improve his parenting deficiencies. Specifically, testimony demonstrated that petitioner informed the child during a visit that "when all this was all over and done with, he was going to go out and get a bag of marijuana and roll a big one." Additionally, petitioner himself testified that once removed from

3

federal probation, he could smoke marijuana whenever he wanted, including when he had custody of the child. Based on the foregoing, it is clear that petitioner was not compliant with services and failed to recognize the significance of his actions or accept responsibility for them; therefore, he failed to demonstrate that he made sufficient improvement to justify the return of the child to his care. Accordingly, we find no error in the circuit court's finding that petitioner failed to successfully complete his improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 12, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison